Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7279 | **DATE** | 10/30/2001 |
| **CASE TITLE** | USA ex rel. Darnell Ross vs. Michael V. Neal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The court finds that Ross's claims are without merit and his petition is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 31 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/30/2001 date mailed notice | |
| | ETV | courtroom deputy's initials | 01 OCT 30 PM 4:49 | ETV mailing deputy initials |
| | | | Date/time received in central Clerk's Office | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. DARNELL ROSS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 99 C 7279 |
| MICHAEL V. NEAL, Warden, Danville Correctional Center, | ) ) ) | Judge Rebecca R. Pallmeyer |
| Respondent. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

On June 10, 1992, a woman walking along South Campbell Street in Chicago with her 3-year old grandson was fatally shot in the back. Two eyewitnesses identified Petitioner Darnell Ross as one of the individuals involved in the shooting, and Ross confessed to his role in the offense. Following a jury trial in the Circuit Court of Cook County, Ross was convicted of first-degree murder and sentenced to 45 years imprisonment on April 12, 1995. The Illinois Appellate Court affirmed Ross's conviction and sentence on November 18, 1996. Ross petitioned for leave to appeal to the Illinois Supreme Court on January 8, 1997, but the petition was denied on April 2, 1997. He filed his post-conviction petition on April 22, 1997. The Circuit Court of Cook County dismissed Ross's post-conviction petition on May 30, 1997 as "frivolous and patently without merit." The Illinois Appellate Court affirmed this dismissal on July 31, 1998. Ross's petition for leave to appeal the dismissal of his post-conviction petition to the Illinois Supreme Court was denied on March 31, 1999. Now in the custody of Respondent Blair J. Liebach, Warden of Danville Correctional Center, Ross brings this

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising four claims relating to the alleged ineffectiveness of his appellate counsel. For the following reasons, the court finds that Ross's claims are without merit and his petition is dismissed.

I.  Factual Background and Procedural History

Police officers arrived on the scene of a shooting death on South Campbell Street in Chicago, and were told by two eyewitnesses that Darnell Ross was involved in the shooting. (Ex. D, Answer to Petition for Writ of Habeas Corpus (hereinafter "Answer to Petition"), *People v. Ross*, No. 92-CR-15379, Ill. App. Ct., 1st Dist., Nov. 18, 1996 at 3.) Officer Williams proceeded to Ross's residence, but did not find Ross there, and informed Ross's sister that he wanted to speak to Ross about a shooting. (*Id.*) Ross voluntarily appeared at the police station at about 5:00 p.m. that day, where he was advised of his *Miranda* rights and questioned. (*Id.*) Initially, Ross denied any involvement in the shooting, but later admitted that he and an associate, Derrick Boatman, had encountered members of a rival gang, and Ross had told Boatman, "you better shoot." (*Id.*) Ross further confessed that if Boatman had not shot at the rival gang members, Ross himself would have taken the gun back from Boatman and "opened fire." (*Id.*) Assistant State's Attorney Diann Sheridan also testified that Ross told her he had handed the gun to Boatman, who then fired the weapon that struck and killed the unintended victim. (*Id.*) Ross was formally arrested at 10:45 p.m. that night. (*Id.*)

2

Following his conviction on one count of first degree murder, Ross directly appealed his conviction to the Illinois Appellate Court. (*Id.*) In that proceeding, Ross's appellate counsel, the public defender of Cook County, filed a motion for leave to withdraw as appellate counsel and a brief in support thereof pursuant to *Anders v. California*, 386 U.S. 738 (1967). (*Id.*) In the *Anders* brief, Ross's counsel asserted that no issues of merit existed warranting argument on appeal. (*Id.*) Ross responded to his counsel's *Anders* motion, arguing that he was seized without probable cause prior to his arrest, and that both the introduction of gang-related evidence and the State's closing remarks about that evidence were improper where the only evidence was the testimony of admitted rival gang members. (*Id.* at 1-2.) On November 18, 1996, the Appellate Court issued its decision finding "no issues of arguable merit," granting the motion to withdraw and affirming the trial court's decision. (*Id.* at 4.) Although Ross sought further review in the Illinois Supreme Court, his petition for leave to appeal was denied on April 2, 1997. (Ex. H, Answer to Petition, *People v. Ross*, No. 92-CR-15379, Circuit Court of Cook County, Criminal Division, May 30, 1997, at 2.)

Acting pro se, Ross petitioned for post-conviction relief on April 22, 1997. (*Id.* at 1.) In the petition, Ross charged that his appellate counsel was ineffective in four respects: (1) counsel failed to argue that the evidence was insufficient to convict Ross beyond a reasonable doubt; (2) counsel failed to argue that Ross was seized prior to his arrest without probable cause, and that his confession was, therefore, inadmissible; (3) counsel failed to argue that Ross's Ninth Amendment rights were violated when the

3

court ordered him to remove his shirt so that the jury could see the tattoos on his body; and (4) counsel failed to argue that the trial court had abused its discretion in sentencing Ross to 45 years imprisonment without considering mitigating factors. (*Id.* at 3.)

The trial court dismissed Ross's post-conviction petition on May 30, 1997. (Ex. H, Answer to Petition, *People v. Ross*, No. 92-CR-15379, Circuit Court of Cook County, Criminal Division, May 30, 1997, at 5.) The court noted that Ross did not allege that his appellate counsel's ineffective assistance caused substantial prejudice that likely affected the outcome of his appeal, and that Ross had relied exclusively on the unsupported conclusory allegations in his own affidavit. (*Id.* at 4-5.) Ross filed a notice of appeal on June 18, 1997, and the Office of the State Appellate Defender was subsequently appointed to represent him. (Ex. K, Answer to Petition, *People v. Ross*, No. 92–CR-15379, Ill. App. Ct., 1st Dist., July 31, 1998, at 1.) Following a review of the record on appeal, however, the State Appellate Defender concluded that an appeal would be frivolous and filed a motion to withdraw as appellate counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). (*Id.* at 1-2.) The Illinois Appellate Court agreed with Ross's appellate counsel that the record on appeal revealed no issues of arguable merit. (*Id.* at 2.) On July 31, 1998, the State Appellate Defender's motion to withdraw was granted, and the trial court's dismissal of Ross's post-conviction petition was affirmed. (*Id.*)

Ross petitioned for leave to appeal to the Illinois Supreme Court, raising the same four allegations of ineffective assistance of appellate counsel that he challenged both in his post-conviction petition, and on appeal from the dismissal of that petition. (Ex. L, Answer to Petition, Petition for Leave to Appeal, November 2, 1998.) The Illinois Supreme Court denied Ross's petition for leave to appeal on March 31, 1999. (Ex. M, Answer to Petition, Judgment of the Illinois Supreme Court Denying Petition for Leave to Appeal, March 31, 1999.)

Ross filed the instant petition for writ of habeas corpus on November 5, 1999. In the petition, Ross raises the same four claims of ineffective assistance of appellate counsel that he argued throughout the post-conviction appeal process.

## II. Merits

### A. Standard of Review of Habeas Claims

Ross appears to have avoided the procedural pitfalls that doom so many habeas petitions, but his petition is subject to a stringent standard of review on the merits. Under § 2254, a federal district court must deny habeas review for any claim the state court addresses on the merits unless that state decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The "contrary to" provision refers to questions of law, and on such questions, a federal court makes a *de novo* review. *See Lindh v. Murphy,* 96 F.3d 856, 869 (7th Cir.1996) (en banc), *rev'd on other*

*grounds*, 521 U.S. 320 (1997). The "unreasonable application" exception pertains to mixed questions of law and fact. *Id.* at 870. A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case," or "if it is one of several equally plausible outcomes." *Boss v. Pierce*, 263 F.3d 734, 741 (7th Cir. 2001), *quoting Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997), and *Hall v. Washington*, 106 F.3d 742, 749 (7th Cir. 1997). For purposes of habeas review, the state court's factual findings are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

### B. Standards for Ineffective Assistance of Trial Counsel

Ross will only succeed in showing ineffective assistance of appellate counsel if he can show that: (1) his counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense to the degree that it deprived the defendant of a fair trial, that is, a trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner also "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *Momient-El v. DeTella*, 118 F.3d 535, 541 (7th Cir. 1997). This court will defer to the state court's application of the law to the extent that "only a clear error in applying *Strickland*'s standard would support a writ of habeas corpus." *Dixon v. Snyder*, No. 00-2142, ___ F.3d ___, 2001 WL 1117462 at *6 (7th Cir. Sept. 20, 2001), *quoting Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997). *Strickland's*

standard is highly deferential to counsel, "presuming reasonable judgment and declining to second guess strategic choices." *Valenzuela v. United States*, 261 F.3d 694, 698 (7th Cir. 2001).

To determine whether Ross has shown the first prong of the *Strickland* test, the performance prong, the court will "consider the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct, and there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela*, 261 F.3d at 698-99, *quoting United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir.1998). Turning to the second *Strickland* prong, the prejudice prong, Petitioner must "be able to demonstrate that the complained of deficiency resulted in . . . [a] 'reasonable probability' that in the absence of error the result of the proceedings would have been different, and [that the proceeding] was fundamentally unfair or unreliable." *Valenzuela*, 262 F.3d at 699; *Williams v. Washington*, 59 F.3d 673, 682 (7th Cir.1995), *quoting Strickland*, 466 U.S. at 694.

### C. Petitioner's Habeas Claims

In his petition for writ of habeas corpus, Ross claimed that his appellate counsel was ineffective in four ways. As noted earlier, Ross presented these same arguments in his state post-conviction petition: (1) counsel failed to argue that the evidence was insufficient to convict Ross beyond a reasonable doubt; (2) counsel failed to argue that Ross was seized prior to his arrest without probable cause, and that his confession was, therefore, inadmissible; (3) counsel failed to argue that Ross's Ninth Amendment rights

were violated when the court ordered him to remove his shirt so that the jury could see the tattoos on his body; and (4) counsel failed to argue that the trial court had abused its discretion in sentencing Ross to 45 years imprisonment without considering mitigating factors. (Ex. H, Answer to Petition, *People v. Ross*, No. 92-CR-15379, Circuit Court of Cook County, Criminal Division, May 30, 1997, at 3.) The court notes that although Ross listed each of the foregoing claims on his petition, he only discussed and argued the second claim. Ross did not elaborate upon the remaining claims in any fashion in his petition.

The Circuit Court of Cook County was the highest state court to provide an explanation for its rejection of Ross's claims. That court explained that appellate counsel is "not under an obligation to raise every conceivable argument." (*Id.*, citing *People v. Collins*, 153 Ill.2d 130, 606 N.E.2d 1137 (1992).) The court went on to apply the two-prong *Strickland* test, finding that, with respect to the second prong, Ross failed to allege any prejudice he suffered as a result of his appellate counsel's ineffective assistance. (Ex. H, Answer to Petition, *People v. Ross*, No. 92-CR-15379, Circuit Court of Cook County, Criminal Division, May 30, 1997, at 3-4.) The court observed that petitioner's post-conviction petition contained no allegation that he suffered prejudice resulting from his counsel's ineffective assistance, and he made no effort to show either a reasonable probability that the outcome of his appeal would have been different absent the alleged ineffective assistance under these circumstances or that the appeal was rendered unfair or unreliable as a result of the alleged ineffective assistance. Under these circumstances, the trial court's ruling that the

8

petitioner was not denied effective assistance of counsel was not contrary to, or an unreasonable application of, Federal law, nor was it an unreasonable application of the facts to the evidence.

The state court's ruling on prong two of the *Strickland* test dooms Ross's petition. The court notes, in addition, that his ineffective assistance claim does not satisfy prong one. The only claim for which Ross proffered an argument in his habeas petition was that his appellate counsel failed to argue that his confession was inadmissible because it was obtained during an arrest made without probable cause. Ross argues that, although he had not yet been formally arrested, he was under arrest prior to his formal arrest because, *inter alia*, he was placed in an interrogation room and believed that he was not free to leave. (Petition.) Ross appears to believe that in the interim between his voluntary arrival at the police station and the time he confessed, there was no probable cause for the police to arrest him. (*Id.*)

Ross is mistaken. There was ample probable cause to support his arrest. Police officers are under no constitutional obligation to conduct further investigation prior to making an arrest after they have received information supplying probable cause from a reasonably credible eyewitness. *Woods v. City of Chicago*, 234 F.3d 979, 997 (7th Cir. 2000); *Gramenos v. Jewel Cos., Inc.*, 797 F.2d 432, 439 (7th Cir. 1986). An uncorroborated identification from one reasonably credible eyewitness can support probable cause. (*Id.*) In this case, two eyewitnesses implicated Ross in the shooting, giving the police officers ample probable cause to arrest him. Nowhere in the record

9

is there any indication that the credibility of those eyewitnesses has been, or should have been, challenged, and the fact that the eyewitnesses may have had gang affiliations does not mean that they were incapable of providing reasonably credible identifications. Furthermore, the fact that Ross voluntarily went to the police station does nothing to vitiate the probable cause provided by the two eyewitnesses' identification of Ross. Thus, even if Ross was technically under arrest prior to his confession, there was probable cause for that arrest, and his confession was not rendered inadmissible. The court notes that Ross never challenged the voluntariness of his confession, the threshold prerequisite to admissibility. 18 U.S.C. § 3501. Clearly, Ross's appellate counsel committed no error in failing to argue on appeal that Ross's confession was inadmissible due to a lack of probable cause for his arrest.

With respect to the remainder of Ross's allegations of ineffective assistance of counsel, Ross provided no argument or explanation whatsoever in support of those claims. Ross did not identify a single basis upon which this court should find that the state court's rulings on the ineffective assistance claims were contrary to or an unreasonable application of Federal law. Nor did Ross argue either prong of the *Strickland* test. He merely mentioned the remaining three claims. Perhaps Ross failed to back these claims up because, as the Illinois courts and appointed counsel concluded, the record is devoid of any such support. Ross was not denied the effective assistance of appellate counsel, and his petition for writ of habeas corpus is denied.

ENTER:

Dated: October 30, 2001

REBECCA R. PALLMEYER
United States District Judge